Elijah M. Watkins (ISB No. 8977)
Aaron R. Bell (ISB No. 10918)
Dakota S. Lee (ISB No. 13032)
DORSEY & WHITNEY LLP
101 S. Capitol Blvd., Ste. 1100
Boise, ID 83702
Phone: (208) 617-2550
Fax: (208) 567-4992
Watkins.Elijah@dorsey.com
Bell.Aaron@dorsey.com
Lee.Dakota@dorsey.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| AUSTIN JAMES OSBORNE, an individual;<br><br>Plaintiff,<br><br>-vs-<br><br>BARRY MINKOW, an individual,<br><br>Defendant. | Case No. 1:25-cv-00647-BLW<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL AND FOR PROTECTIVE ORDER** |

Plaintiff Austin J. Osborne ("Osborne") respectfully submits this Memorandum in Support of the Emergency Motion for Preliminary Injunction ("Memorandum") in support of its Motion to Seal and for Protective Order ("Motion"). For the reasons set forth below, Osborne requests the Court (1) seal selected portions of his *Memorandum in Support of the Renewed Motion for Preliminary Injunction* ("PI Memorandum") and of the Declaration of Austin J. Osborne in Support of Renewed Motion for Preliminary Injunction[1] and all of the attached exhibits ("PI Osborne Declaration"); and (2) enter a protective order prohibiting Defendant Barry Minkow's

---

[1] The selected portions of the PI Memorandum and the PI Osborne Declaration are highlighted using red-colored text boxes in the separately-filed, sealed unredacted copies of these documents per Dist. Idaho Loc. R. 5.3(b)(3).

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL AND FOR PROTECTIVE ORDER – 1**
4913-7554-3704\2

("Minkow") from publishing, discussing, or otherwise using the sealed materials in his social media articles, posts, videos, or direct messages, or from otherwise disseminating this information to anyone other than his attorneys should they be retained.

## BACKGROUND

This matter stems from Minkow's continued defamation about the business practices of Osborne, which have escalated to publishing selected confidential business records of Cedar Creek Capital, LLC ("Cedar Creek") that were obtained by Minkow in violation of confidentiality provisions contained throughout the investor materials. Specifically, on March 15, 2026, Minkow posted a LinkedIn blog article divulging information wrongfully obtained from investors to support his untrue statements about how Osborne manages Cedar Creek assets. Osborne once again seeks relief, this time through an Emergency Motion for Preliminary Injunction ("PI Motion"), but must disclose additional sensitive and confidential financial and business records in support. Because Minkow has already disclosed confidential business records to further defame Osborne even after this action was filed, Osborne requests the confidential information used in the PI Memorandum and PI Osborne Declaration be sealed. Osborne also requests that the Court explicitly prohibit Minkow from publishing, discussing, or otherwise using the sealed materials in his social media articles, posts, videos, or direct messages, or from otherwise disseminating this information to anyone other than his attorneys should he retain attorneys to prevent irreparable disclosure of confidential financial and business records.

## ARGUMENT

### I.    SEALING IS NECESSARY TO PRESERVE THE CONFIDENTIALITY OF OSBORNE AND CEDAR CREEK'S BUSINESS AND FINANCIAL RECORDS.

Sealing the requested records is crucial to protecting Osborne's livelihood and Cedar Creeks trade secrets, other confidential business records, and financial records. The party who

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL AND FOR PROTECTIVE ORDER – 2**
4913-7554-3704\2

seeks to seal a document "bears the burden of overcoming [the] strong presumption" in favor of public access to judicial records. *Cahill v. Non-Party Media Orgs. Insider Inc.*, No. 24-165, 2025 LX 276254, at *4 (9th Cir. Mar. 18, 2025). To seal records in relation to "dispositive" motions, there must be a "compelling reason" to seal the documents. *Id.* The Ninth Circuit categorizes preliminary injunctions as "dispositive motions" for the purpose of motions to seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).

To seal documents in relation to a "dispositive motion," the Court must "base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture" and must give the appropriate weigh to relevant factors. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010). These factors "include 'the public interest in understanding the judicial process and whether disclosure of the material could result ***in improper use of the material for scandalous or libelous purposes or infringement of trade secrets***." *Id.* at footnote 6 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (emphasis added). "[T]he right to inspect and copy judicial records is not absolute, and, in particular, the common-law right of inspection has bowed before the power of a court to insure that its records are not used as sources of business information that might harm a litigant's competitive standing." *Elec. Arts, Inc. v. United States Dist. Court (In re Elec. Arts, Inc.)*, 298 F. App'x 568, 569 (9th Cir. 2008) (cleaned up) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The PI Osborne Declaration and the selected portions of the PI Memorandum contain confidential and commercially sensitive information that must be protected from release. Ortega Decl. ¶¶ 4-5. The structure, terms of the fund, and accompanying financial data are proprietary and provide Cedar Creek and Osborne with significant business advantage against competitors in the field that compete with Osborne and Cedar Creek for both investors and for limited real estate

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL AND FOR PROTECTIVE ORDER – 3**
4913-7554-3704\2

opportunities. *Id*. Osborne has a significant privacy interest in protecting the specific terms, structure, and financial data offered to rebut Minkow's defamatory statements about Cedar Creek (Osborne's business).

In *Electric Arts*, the Ninth Circuit held that EA's licensing agreement, which contained "pricing terms, royalty rates, and guaranteed minimum payment terms," constituted trade secrets. *In re Elec. Arts, Inc.*, 298 F. App'x at 569; *See also Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement definition and finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret). Here, the structure of Cedar Creek's funds, how it structures entities, and the financial data surrounding its property refinancing is referenced throughout the Declaration and Memorandum. The exhibits to the Declaration also include the direct terms of the structure, advertising materials not publicly available, and financial data only investing members of Cedar Creek's funds are entitled to access only after agreeing to confidentiality restrictions. Sealing and allowing redaction of these documents is necessary to allow Osborne to both zealously pursue a preliminary injunction and maintain the confidentiality of Cedar Creek's trade secrets.

Osborne's concerns about disclosure are not hypothetical paranoia. Minkow has already wrongfully obtained documents from investors and disseminated information from those documents, intentionally portrayed in a false light, on his several social media accounts that have reached hundreds of thousands of viewers on the subject posts. Osborne is rightfully concerned that Minkow will likewise disseminate the documents and select information in the PI Memorandum to his social media audience specifically for the purpose of furthering his defamatory statements. In fact, Minkow brags in his seven-page, March 14, 2026 LinkedIn article (An Inconvenient Truth: How AG Osborne and Cedar Creek Capital Use Mob-Like Tactics to

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL AND FOR PROTECTIVE ORDER – 4**
4913-7554-3704\2

Cover Up Material Misrepresentation and Fraud), that he has received no fewer than six different cease-and-desist letters "from national [law] firms, one lawsuit" demanding he stop defaming clients, and yet he persists. Dkt. 21-1 at 9. Sealing is proper to prevent Minkow from using this Court's docket to publish scandalous or libelous material for improper purposes. *Hagestad*, 49 F 3d at 1434.

Accordingly, a significant and compelling reason exists to seal the documents. Osborne's interest in protecting confidential business and financial records from public disclosure significantly outweighs Minkow's improper uses and the public's interest in the documents. The Court should grant Osborne's motion to seal.

## II.    THE COURT SHOULD ENTER A CLEAR AND DEFINITE PROTECTIVE ORDER PROHIBITING EXTRANEOUS USE OF THE MATERIALS BY MINKOW

A clear and definite protective order is also appropriate to prevent Minkow from continued publication of Osborne's and Cedar Creek's confidential information.

Rather than pause to let the legal process play out, Minkow's defamatory statements have only increased since the start of the lawsuit and he is now publicly disclosing confidential information. Ortega Decl. ¶ 3. He has become emboldened. He continues to post various videos and articles alleging Cedar Creek and Osborne have committed fraud and other wrongs against their investors. *Id.* He even claims that Osborne's use of legal counsel is a "mob-like tactic." Disclosing further information is required to prosecute this case. But improper disclosure of that information seems all but guaranteed absent this Court's intervention. An order, explicitly directing Minkow not to disclose any sealed materials, is appropriate.

**CONCLUSION**

Based on the foregoing, Osborne requests this Motion be granted and that the Court (1) seal the selected portions of PI Memorandum and PI Osborne Declaration[2] and all of the attached exhibits to the PI Osborne Declaration; and (2) enter a protective order prohibiting Minkow from publishing, discussing, or otherwise using the sealed materials in his social media articles, posts, videos, or direct messages, or from otherwise disseminating this information to anyone other than his attorneys should he retain attorneys.

DATED THIS 1st day of April, 2026.

DORSEY & WHITNEY, LLP

By */s/ Elijah M. Watkins*
    Elijah M. Watkins
    Aaron R. Bell
    Dakota S. Lee
    *Attorneys for Plaintiff*

---

[2] The selected portions of the PI Memorandum and the PI Osborne Declaration are highlighted using red-colored text boxes in the separately-filed, sealed unredacted copies of these documents per Dist. Idaho Loc. R. 5.3(b)(3).

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL AND FOR PROTECTIVE ORDER – 6**
4913-7554-3704\2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April 2026, I served a true and correct copy of the within and foregoing with the Clerk of the Court using CM/ECF system and via first class mail, postage prepaid addressed as follows:

Barry Minkow
2924 Whispering Wind Drive
Las Vegas, NV 89117


/s/ Elijah M. Watkins
Elijah M. Watkins