UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AUSTIN JAMES OSBORNE, | Case No. 1:25-cv-00647-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| BARRY MINKOW, | |
| Defendant. | |

**INTRODUCTION**

Before the Court are three motions: (1) Plaintiff Austin James Osborne's Motion for Entry of Default (Dkt. 11), (2) Defendant Barry Minkow's Motion to Set Aside Default (Dkt. 17), and (3) Osborne's Motion to Strike Minkow's Motion to Set Aside Default (Dkt. 18). For the reasons that follow, the Court will deny the first of these motions and find the other two moot.

**BACKGROUND**

Osborne filed this lawsuit against Minkow, alleging that Minkow defamed Osborne and intentionally interfered with Osborne's prospective economic advantage. *Compl.* ¶ 30-43, Dkt. 1 at 7-9. Specifically, Osborne asserts that Minkow made false statements, which were posted online, about Osborne's business practices relating to his private investment firm, Cedar Creek Capital

MEMORANDUM DECISION AND ORDER - 1

LLC. *Compl.* ¶ 8, 10-12, Dkt. 1 at 2-3.

Osborne twice sought temporary restraining orders against Minkow. Dkts. 2, 7. The Court denied both requests. Dkts. 5, 8. The same day that the Court denied Osborne's second request for a temporary restraining order, Minkow, who is representing himself in this case, filed his opposition to Osborne's second request.[1] Dkt. 9. In it, Minkow raised several potential defenses to Osborne's lawsuit, including a detailed argument contesting the Court's personal jurisdiction over him. Dkt. 9.

After Minkow filed this response, and after the Court denied Osborne's second request for a temporary restraining order, Osborne filed his Motion for Entry of Default. Dkt. 11. In that motion, Osborne requested that the clerk of court enter default against Minkow because Minkow did not file a timely answer to Osborne's complaint. Dkt. 11. Minkow opposed Osborne's motion for entry of default, arguing that he defended against Osborne's suit by filing his opposition to Osborne's second request for a temporary restraining order. Dkt. 14; *see* Dkt. 9. Osborne filed a reply in support of his motion for entry of default. Dkt. 15.

Minkow then filed a Motion to Set Aside Default, though the Court had not yet ruled on Osborne's default motion. Dkt. 17. In response, Osborne moved to

---

[1] Minkow dated his filing December 2, 2025. Dkt. 9. He mailed the filing to the Court, which received it and entered it into the docket on December 4, 2025. Dkt. 9.

MEMORANDUM DECISION AND ORDER - 2

strike Minkow's Motion to Set Aside Default as an impermissible sur-reply to Osborne's Motion for Entry of Default. Dkt. 18. Minkow, in turn, opposed Osborne's Motion to Strike and the same day filed his Answer to Osborne's Complaint. Dkts. 19, 20.

## ANALYSIS

To obtain a default judgment is a two-step process: entry of default followed by the entry of a default judgment. Fed. R. Civ. P. 55. Entry of default is appropriate when the defendant has failed to plead or otherwise defend against plaintiff's suit. Fed. R. Civ. P. 55(a). Default judgments are "ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (internal quotation marks omitted).

Here, Minkow defended against Osborne's suit. Dkt. 9. He had 21 days from the date he was served with the summons and complaint—until December 15, 2025, by Osborne's calculation—to file his answer. Fed. R. Civ. P. 12(a)(1)(A)(i); *see* Dkt. 11 at 2. On December 2, 2025, Minkow filed his response to Osborne's second request for a temporary restraining order. Dkt. 9. True, Minkow did not label this filing as an answer. *See* Dkt. 9. But he is a non-lawyer representing himself, so the document name is less important than its substance. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be

MEMORANDUM DECISION AND ORDER - 3

liberally construed") (internal quotation marks omitted). And the substance of this filing reflects Minkow's assertion that the Court lacks personal jurisdiction over him, an argument typically raised in a motion to dismiss. Dkt. 9 at 1; *see* Fed. R. Civ. P. 12(b)(2). So, given Minkow is representing himself, the Court will construe his response to Osborne's second request for a temporary restraining order as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2).

Minkow's motion to dismiss relieved him of the deadline for filing an answer for at least fourteen days after resolution of his motion. Fed. R. Civ. P. 12(a)(4). Because the Court has not yet resolved Minkow's motion to dismiss, there is no deadline for him to file his answer. In any event, Minkow filed an answer when responding to Osborne's motion to strike. Dkt. 20. For these reasons, the Court denies Osborne's motion for default. *United States ex rel. Dahlstrom v. Sauk-Suiattle Indian Tribe*, 2017 WL 11925940, *2 (W.D. Wa. Mar. 7, 2017) (denying a motion for entry of default when defendant's motion to dismiss was pending and defendant had filed an answer after filing the motion to dismiss). Because Osborne's Motion for Entry of Default is denied, the Court finds both Minkow's Motion to Set Aside Default and Osborne's Motion to Strike Minkow's motion moot. *See Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("an issue is moot when deciding it would have no effect within the confines of the case itself").

Because the Court construes Minkow's response to Osborne's second request

for a temporary restraining order to be a motion to dismiss for lack of personal jurisdiction, a briefing schedule is needed to resolve that motion. The Court directs Osborne to file a response to Minkow's motion to dismiss for lack of personal jurisdiction within twenty-one days from the date of this Order. Minkow's deadline to file a reply to Osborne's response is fourteen days from the date the response is filed.

Finally, Osborne is granted twenty-one days from the date of this Order to amend his pending motion for a preliminary injunction to address personal jurisdiction. Minkow has fourteen days from the filing of Osborne's amendment to file his response to that amendment, and Osbourne has seven days from Minkow's filing to reply. Once the Court receives complete briefing on the motion for a preliminary injunction, it will review the filings and determine if a hearing is necessary.

## ORDER

IT IS ORDERED in accordance with the Memorandum Decision provided above that Plaintiff's Motion for Entry of Default (Dkt. 11) is DENIED;

IT IS FURTHER ORDERED that Defendant's Motion to Set Aside Default is moot (Dkt. 17);

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (Dkt. 18) is

moot;

IT IS FURTHER ORDERED that Plaintiff has twenty-one days from the date of this Order to respond to Defendant's motion to dismiss for lack of personal jurisdiction (Dkt. 9), and that Defendant's deadline to reply is fourteen days after Plaintiff's response;

IT IS FURTHER ORDERED that Plaintiff has twenty-one days from the date of this Order to amend his Motion for Preliminary Injunction (Dkt. 22) to address personal jurisdiction, that Defendant has fourteen days from the date of Plaintiff's amendment to respond to that amendment, and that Plaintiff has seven days from the date of Defendant's response to reply.

DATED: May 4, 2026



B. Lynn Winmill
U.S. District Court Judge